UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENZEL WARFIELD,<br><br>　　Petitioner,<br><br>　v.<br><br>A. K. SCRIBNER,<br><br>　　Respondent. | 1:03-CV-06151-AWI-WMW-HC<br><br>FINDINGS AND RECOMMENDATIONS<br><br>RE PETITION FOR WRIT OF HABEAS<br><br>CORPUS<br><br>[Doc. 28] |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. This case proceeds on the Third Amended Petition filed April 24, 2006. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**BACKGROUND**

On February 3, 1999, following a jury trial in Stanislaus County Superior Court, the jury found Petitioner guilty of counts I through III, robbery in concert, (Pen. Code Section 213(a)(1), and further found that the crime was committed in an inhabited building. The jury returned a not guilty verdict on count IV, burglary (Pen. Code Section 459), and a mistrial was declared on the remaining counts. The trial court found the true under the three strikes law (Pen. Code Section 667(d) an allegation of two prior serious felony conviction and the service of two prior prison terms.

On April 15, 1999, the trial court denied Petitioner's motion to strike the three strikes priors, and sentenced Petitioner to an aggregate state prison term of eighty-six years to life. The court imposed restitution of $17,2000 pursuant to Penal Code sections 1202.4 and 1202.45.

Petitioner filed a direct appeal. On October 5, 2001, the California Court of Appeal ("Court of Appeal") affirmed the convictions. On November 5, 2001, the factual statement of the opinion was slightly modified. Petitioner filed a petition for review with the California Supreme Court, which the court denied on January 3, 2002.

On December 11, 2002, Petitioner's retained counsel filed a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court denied the petition on July 16, 2003.

Petitioner filed the present petition in this court on August 25, 2003. After filing another state habeas petition which was denied as untimely, Petitioner filed the third amended petition in this court on April 24, 2006.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on January 29, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct.

1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).   While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel because trial counsel did not present the testimony of Green and Hull, who allegedly would have supported an alibi defense. He further contends that appellate counsel was ineffective for not raising the issue of the ineffectiveness of trial counsel on this matter.

Petitioner previously presented this claim in his first habeas corpus petition to the California Supreme Court, which denied the claim without comment. When the California Supreme Court has summarily denied a claim without giving a rationale, this is considered a denial "on the merits," and is

presumed to rest on grounds articulated by a lower court in its written opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Hunter v. Aispuro, 982 F.2d 344, 347-348 (9th Cir.1992), cert. denied, 510 U.S. 887 (1993). A reviewing court may then "look through" the unexplained summary denial, and apply the deferential standard of 28 U.S.C. § 2254(d), to the lower state court's reasoned decision. However, when there is no state court decision articulating a rationale, a reviewing court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. § 2254(d)(1). Delgado, 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of Williams to the state court decision. This does not mean de novo review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Thomas v. Hubbard, 273 F.3d 1164, 1170 (9th Cir.2001); Bailey, 263 F.3d at 1028; Delgado, 223 F.3d at 982.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose

result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

In presenting a claim of ineffective assistance based on counsel's failure to call witnesses, Petitioner must identify the witness, U.S. v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985), show that the witness was willing to testify, U.S. v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988), and show that the witness's testimony would have been sufficient to create a reasonable doubt as to guilt. Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir. 1990)

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. Price v. Vincent, 538 U.S. 634, 640 (2003).

As Respondent notes, in this case, the defense investigator's own report to trial counsel regarding his interview with Damian Hull states:

> He [Damian Hull] said he has been subpoenaed to court on Thursday, September 10, 1998.[1] He

---

[1] Petitioner's preliminary hearing was October 30, 1998, so this subpoena was likely in connection with one of the other defendants from the same underlying incident.

> stated that he intends to show up, but has no intention of providing information regarding the incident to anyone . . . Hull stated since that incident, he talked to many people on the street, and everybody has something to say, but he did not personally recall anything that went on that night.

Petition in California Supreme Court, Ex. J.

The officer initially on the scene of the crime observed Green and Hull in the car trunk where they had been imprisoned. Officer Myers questioned both Hull and Green after they were removed from the car trunk. His report states:

> Both Green and Hull were somewhat evasive as to what had happened. Green stated that several black males in a maroon or red mini-van had pistol whipped his about the head. I observed that Green had a large abrasion on his forehead, and several smaller ones on his head. Both Green and Hull were evasive as to the possible identity of the responsibles, and stated that they were several black males, all dressed in black.

In light of these background circumstances, the court finds that Petitioner cannot meet his burden of showing that burden to show that the California Supreme Court applied United States Supreme Court precedent in an objectively unreasonable manner. That is, in light of the information trial counsel knew about the witness, Petitioner cannot show that trial counsel's decision not to call these two potential witnesses fell below an objective standard of reasonableness. As Respondent argues, not only has Petitioner not shown that either Hull or Green would have testified, but he has also failed to show that they would have testified in Petitioner's favor. Further, had Petitioner managed to get Green to court, and had Green testified in Petitioner's favor, he would have been impeached by the testimony of Officer Meyers, in regard to inconsistent statements made at the time the crimes occurred. Accordingly, the court finds that trial counsel's decision not to call these two witnesses was well within the range of competent counsel. In light of this finding, the court further concludes that appellate counsel was not ineffective for failing to raise the issue on appeal. Because Petitioner has failed to show that the California Supreme Court clearly erred in its application of controlling federal law, see Thomas v. Hubbard, the court finds that this contention presents no basis for habeas corpus relief.

Actual Innocence

Petitioner contends that he is actually innocent of the robbery of Darnell Green, Kenny Ray Randall and Brian Hull, claiming that the entire investigation against him was fabricated. A substantive claim of actual innocence is not available in non-capital habeas corpus cases. See Coley v. Gonzales,

55 F.3d 1385, 1387 (9th Cir. 1995). Accordingly, the court finds that Petitioner has failed to carry his burden of showing that the California Supreme Court's rejection of this contention amounts to an unreasonable application of clearly established federal law. Thus, the court concludes that this claim presents no basis for habeas corpus relief.

Prosecutorial Misconduct

Petitioner contends that the prosecutor committed misconduct by presenting the testimony of witness Yolanda Nunn, who placed Petitioner at the scene of the crime. Petitioner claims that Ms. Nun was promised that the complaint filed against her would be dismissed in exchanged for her testimony against Petitioner. He further claims that it is clear from the record that Ms. Nunn's testimony was a lie and unreliable.

A habeas petition will be granted for prosecutorial misconduct only when the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 171, 106 S.Ct. 2464 (1986) (*quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974)); see, Bonin v. Calderon, 59 F.3d 815, 843 (9th Cir. 1995). To constitute a due process violation, the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 485 U.S. 756, 765, 107 S.Ct. 3102, 3109 (1987) (*quoting* United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985)). Under this standard, a petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial - i.e., that absent the alleged impropriety, the verdict probably would have been different. Any claim of prosecutorial misconduct must be reviewed within the context of the entire trial. Id. at 765-66, 107 S.Ct. at 3109; United States v. Weitzenhoff, 35 F.3d 1275, 1291 (9th Cir. 1994). The court must keep in mind that "[t]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor" and "the aim of due process is not punishment of society for the misdeeds of the prosecutor but avoidance of an unfair trial to the accused." Smith v. Phillips, 455 U.S. 209, 219, 102 S.Ct. 940, 979 (1982).

The knowing use of false or perjured testimony against a defendant to obtain a conviction is unconstitutional. Naupe v. Illinois, 360 U.S. 264 (1959). In order to prevail on a claim of prosecutorial misconduct based on the use of perjured testimony, the Petitioner must show both that the testimony was

1  perjured and that the prosecutor knowingly used the perjured testimony at trial.  See U.S. v. Baker, 850

2  F.2d 1365, 1371 ((th Cir. 1985).  Here, Petitioner has not made the required showing.  Although

3  Petitioner presents a list of alleged inconsistencies in statements made by Ms. Nunn, inconsistencies in

4  testimony do not establish knowing use of perjured testimony.  See United States v. Zuno-Arce, 44 F.3d.

5  1420, 1422-1423 (9th Cir. 1995).  Further, to establish a claim of perjury, a petitioner must demonstrate

6  that some material statement was false.  See  Sassounian v. Roe, 230 F.3d 1097, 1107 (9th Cir. 2000).

7  In this case, Petitioner simply disputes the truth of Ms. Nunn's testimony.  The issue of the credibility

8  of witnesses is entrusted to the jury, and Petitioner's disagreement with the jury's conclusion does not

9  establish perjury.  See  United States v. Gudino, 432 F.2d 433, 434 (9th Cir. 1970).

10         Based on the above, the court concludes that Petitioner has not met his burden of showing that

11  the California Supreme Court's rejection of this contention amounts to an unreasonable application of

12  clearly established federal law.  Thus, the court concludes that this claim presents no basis for habeas

13  corpus relief.

Instruction on Accomplices

15         Petitioner claims that he was convicted based on accomplice testimony without independent

16  corroboration.  He therefore contends  that the trial court erred in not instructing the jury about

17  accomplice testimony.  He states that with the agreement of both prosecution and defense, the court

18  decided not to instruct the juror on CALJIC nos. 3.10, 3.11, 3.12, 3.14, 3.18, and 3.19.  Petitioner that

19  the trial court's failure to give accomplice instructions sua sponte was prejudicial error.  Relatedly, he

20  also claims that  trial counsel's failure to request these instructions amounted to ineffective assistance

21  of counsel.

22         The Court of Appeal rejected Petitioner's claim that he was convicted based on uncorroborated

23  accomplice testimony as follows:

> Appellant's argument that Nunn's testimony was uncorroborated is unsupported by the record.  A number of witnesses testified that Appellant was present at the barbecue just before the violence began.  In addition, Dunn testified that Appellant was present when the men surrounded Randall after he arrived.  Detective Brocchini stated that he interviewed Randall shortly after the incident and Randall told him that Appellant participated in the violence that night.  Specifically, he said he saw Appellant attack Green and that Appellant kept a gun pointed at him and threatened to kill him.  Detective Brocchini also stated that Randall never told him that Appellant was not there during the violence and did not state that anyone left during the evening.   This testimony corroborated Nunn's account that Appellant was present during and

>participated in the beatings of Randall, Green and Hull.  Further, Randall described Appellant as a member of the Oakland Mob to Detective Brocchini which further corroborated Nunn's testimony that Appellant was involved with the gang.  Since Nunn's testimony was amply corroborated, any error in failing to instruct the jury regarding the corroboration requirement for accomplice testimony was harmless.
>
>Appellant places much stock in the fact that Randall testified at trial that Appellant left before the violence began and the fact that Cook did not identify Appellant as one of the men who arrived at her home.  However, the fact that Randall recanted his initial account of the events at trial does not leave Nunn's testimony without sufficient corroboration.  Indeed, Randall admitted that he could have told Detective Brocchini that Appellant beat Green and he stated that he did not remember if he told the detective that Appellant had a gun and pointed it at him and the other victims.  The jury was simply confronted with a question of credibility, and it is apparent from the verdict that they discredited Randall's claim that Appellant was not involved in the assaults.

The court finds that Petitioner has presented nothing to demonstrate that this the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   Accordingly, the court finds that this claim presents no basis for habeas corpus relief.

<u>Sufficiency of the Evidence</u>

Petitioner contends that there was insufficient evidence to sustain his convictions.  As set forth above, he complains that Ms. Nunn's testimony was uncorroborated.  He notes in particular that none of the three victims identified him as one of their attackers.

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.  <u>Id</u>. at 324 n. 16.

The issue of sufficiency of evidence is resolved by the Court of Appeal in the above-quoted excerpt, and Petitioner has not carried his burden under 28 U.S.C. § 2254(d) .  The court finds that this contention presents no basis for habeas corpus relief.

//

Kidnaping as a Serious or Violent Felony

Petitioner contends that his 1989 conviction for kidnaping pursuant to Penal Code Section 207, should have been challenged by trial counsel as not meeting the definition of a serious or violent felony under the three strikes law.  He claims that trial counsel was ineffective for failing to make this argument, and that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel.

As Respondent argues, this contention is utterly without merit.  Under California law, A prior felony conviction qualifies as a strike if it is "[a]ny offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state."  Section 1192.7(c) provides in part that a "serious felony" includes "Kidnaping.  Thus, Petitioner's prior kidnaping conviction was a "strike" as a matter of law, and neither of Petitioner's counsel was ineffective for failing to argue to the contrary.  This contention presents no basis for habeas corpus relief.

Constitutionality of Prior Convictions

Petitioner contends that his prior conviction of robbery under Penal Code Section 211, which was used as a serious felony strike, is invalid for lack of his knowing and voluntary waiver of his constitutional rights.  He claims that he was unaware of any constitutional rights which he was required to waive before the court's acceptance of his guilty plea in the 1986 proceedings.  He claims that his counsel was ineffective for not objecting to the use of this prior conviction as a strike in the present proceeding, and that appellate counsel was ineffective for failing to challenge the effectiveness of trial counsel on the issue.

In <u>Lackawanna County District Attorney v. Edward R. Coss, Jr.</u>, 532 U.S. 394, 121 S.Ct. 1567, (2001), the United States Supreme Court addressed issues whether: (1) 28 U.S.C. § 2254 provides a remedy when a current sentence was enhanced based on an allegedly unconstitutional prior conviction for which the sentence has expired; and (2) the extent to which the prior expired conviction may be challenged in attack on the current sentence which it was used to enhance.  Pointing to its prior decision <u>Daniels v. United States</u>, 532 U.S. 374 (2001), addressing a motion under 28 U.S.C. § 2255, the United States Supreme Court explained:

> We held there [*Daniels*] that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255." *Ante*, at __, 149 L.Ed.2d 590, 121 S.Ct. __. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.
>
> We grounded our holding in *Daniels* on considerations relating to the need for finality of convictions and ease of administration. Those concerns are equally present in the § 2254 context. The first and most compelling interest is in the finality of convictions. Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. . . .
>
> As we said in *Daniels*, "[t]hese vehicles for review . . . are not available indefinitely and without limitation." *Ante*, __ - __, 149 L.Ed2d 590, 121 S.Ct. __. A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. *See ante*, at __, 149 L.Ed.2d 590, 121 S.Ct. __. Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the 'presumption of regularity' that attaches to final judgments." *Parke v. Raley*, 506 U.S. 20, 29, 121 L.Ed 2d 391, 113 S.Ct. 517 (1992) . . .

The United States Supreme Court reiterated its holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna, 532 U.S. 394.

In the case at hand, Petitioner failed to attack his prior 1986 conviction by either direct appeal or collateral challenge when those remedies were available to him. Petitioner delayed some 20 years to question the prior conviction when it was used to trigger application of the three strikes law. The prior conviction is conclusively valid and not subject to this Court's review these two decades later. Accordingly, the court finds that this contention presents no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that the Clerk of the Court be directed to enter judgment for Respondent and

to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

**Dated:    September 20, 2007**            /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE